## MERCHANTS NATIONAL BANK OF ROME v. FOUCHE.

A sale of all the shares of stock held by a shareholder in a national bank, when such sale is made under the provisions of and for the purpose set forth in section 5205 of the Revised Statutes of the United States, as amended by the act of June 30, 1876, is void, unless at such sale the stock brings a price equal in amount to the assessment placed thereon under the provisions of that section.

Argued February 22, — Decided July 28, 1898.

Complaint for damages. Before Judge Harris. City court of Floyd county. March term, 1897.

*C. N. Featherston*, for plaintiff in error.
*Fouche & Fouche*, contra.

FISH, J. The capital stock of the Merchants National Bank of Rome became impaired twenty-five per cent., and, in pursuance of the provisions of section 5205 of the Revised Statutes of the United States, an assessment of twenty-five per cent. was levied upon the shareholders pro rata, to make good such impairment. One of the shareholders neglected or refused to pay his pro rata of this assessment, and all of his stock was offered for sale and bid off by the plaintiff (defendant in error) at the price of ten and 90/100 dollars per share, at public auction had in conformity with the statute. The officers of the bank refused to deliver the stock to the plaintiff, upon tender of the amount of his bid; whereupon he sued the bank for the difference be-

tween the real value of the stock at the date of sale and the sum at which it was knocked off to him. A demurrer was filed to the petition, the main ground of which was, that the petition showed the sale to be void because the amount of the bid was less than the amount of the assessment. The demurrer was overruled, and the defendant excepted. Section 5205 of the United States Revised Statutes prescribes that: "Every association whose capital stock shall have become impaired, by losses or otherwise, shall, within three months after receiving notice thereof from the comptroller of the currency, pay the deficiency in the capital stock by an assessment upon the shareholders, pro rata, for the amount of capital stock held by each." Section 4, act of June 30, 1876 (U. S. R. S. § 5205) further provides, "That if any shareholder or shareholders of such bank shall neglect or refuse, after three months notice, to pay the assessment as provided in this section, it shall be the duty of the board of directors to cause a sufficient amount of the capital stock of such shareholder or shareholders to be sold at public auction (after thirty days notice shall be given by posting such notice of sale in the office of the bank, and by publishing such notice in a newspaper of the city or town in which the bank is located, or in the newspaper published nearest thereto) to make good the deficiency; and the balance, if any, shall be returned to such delinquent shareholder or shareholders." The question made is whether a sale under this law is valid and can be enforced by the buyer, when the price at which the stock is bid off is less than the amount of the assessment.

The intention of the national banking act is, that the capital stock of national banks shall not be worth less than par. And to this end it is provided by the statute above quoted, that if by losses or otherwise the stock of any such bank shall become impaired, then, within three months after receiving notice thereof from the comptroller of the currency, the bank shall pay the deficiency in the capital stock by an assessment upon the shareholders, pro rata, for the amount of capital stock held by each; and if any shareholder shall neglect or refuse, after three months notice, to pay his pro rata assessment, then the board of directors shall cause a sufficient amount of the stock

of such shareholder to be sold at public auction, after proper advertisement, to make good the deficiency. The law contemplates that the burden of restoring an impaired capital shall rest equally on all the shareholders. If some pay their pro rata in full, and the purchasers of the stock of delinquents pay less, then such purchasers hold stock in a corporation on better terms than those who paid in full; and, again, a portion of the impairment, which it was the only object of the assessment to make good, remains, and the evident purpose of the law is thus defeated. Moreover, the statute imperatively states that a sufficient amount of the delinquent's stock shall be sold to make good the deficiency, *and the balance, if any*, returned to such delinquent shareholder. The law here provides for the disposition of the "surplus" arising from the sale, provided the stock sells for more than the assessment, but, of course, could not entertain the possibility of a deficiency, in view of the plain provision that *a sufficient amount of the stock must be sold to make good the deficiency*. The law, in effect, makes the amount due by each delinquent shareholder, under the assessment on his stock, "an upset price" which it must bring when sold under the provisions of the statute; and this bidders are presumed to know. We are of opinion, therefore, that as the bid for the stock, in this instance, did not equal the amount of the assessment for the payment of which the stock was offered for sale, there was no legal sale, and the intended purchaser acquired no right or title to the stock upon tendering the amount of his bid. The construction which we have placed upon the statute is the same as that which it has received from the comptroller of the currency, under the present and the last preceding administration at Washington.

The court below erred in overruling the demurrer.

*Judgment reversed.   All the Justices concurring.*